703 So.2d 1371 (1997)
STATE of Louisiana
v.
Vernell RICHARDSON.
No. 96-KA-2598.
Court of Appeal of Louisiana, Fourth Circuit.
December 17, 1997.
*1372 Harry F. Connick, District Attorney of Orleans Parish, Val M. Solino, Assistant District Attorney of Orleans Parish, New Orleans, for State of Louisiana.
Dwight Doskey, Orleans Indigent Defendant Program, New Orleans, for Defendant.
Before ARMSTRONG, PLOTKIN and WALTZER, JJ.
PLOTKIN, Judge.
Defendant, Vernell Richardson, was charged with one count of armed robbery of October 16, 1991 to which he pled not guilty. A trial by jury ensued on November 12, 1992, and Defendant was convicted of the lesser crime of attempt armed robbery. It is from this conviction Defendant now appeals.

FACTS:
Early on the morning of August 21, 1991, Mary Bernilia entered the drive-thru lane of the McDonald's on General DeGaulle Blvd. in Algiers. As she drove past the play area of the restaurant, she noticed three men sitting on a small wall. She testified that she pulled around the building to the intercom and then stopped. She was looking in her purse when she heard "shuffling" behind her car. She looked up and noticed a man holding a handgun near her window. The man pointed the gun at her head and told her to get out of the car. She testified that she saw another man, whom she identified as Defendant, Vernell Richardson, standing next to the front passenger door, and another man standing at the rear passenger door. Ms. Bernilia testified she shut off the engine, took the keys out of the ignition, and exited the car. She stated that the man with the gun told her to leave the keys, which she then threw on the front seat as she began backing away from the car. She also left her purse in the car. The men started to get into the car, but the gunman noticed that the car had a standard transmission. After some discussion, the gunman switched places with Defendant. Defendant got behind the wheel, the other two men entered the car, and all three left the scene in Ms. Bernilia's car.
Ms. Bernilia testified that she ran inside the restaurant and reported the robbery. She testified that she viewed a photographic lineup later that day. This lineup contained a photograph of Defendant. Ms. Bernilia was unable to identify Defendant as the perpetrator, but did note that he looked familiar. Approximately one week later, she was shown a second photographic lineup which contained a more recent photograph of Defendant. At that point, Ms. Bernilia made a tentative identification of Defendant as the man without the gun but who eventually drove the car out of the McDonalds. However, she stated that she wanted to view a live lineup in order to be positive of Defendant's height and build which are not apparent from photographs. No such lineup was conducted.

ERRORS PATENT:
By his sole assignment of error, counsel for Defendant requests a review of the record for errors patent. Counsel complied with the procedures outlined by Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), as interpreted by this Court in State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990). Counsel's detailed review of the procedural history of the case and the facts of the case indicate a thorough review of the record. Counsel has moved to withdraw because he believes, after a conscientious review of the record, there are no non-frivolous issues to be raised on appeal. Counsel has reviewed all available transcripts and has found no trial court rulings which arguably support the appeal. This court notified Defendant he would be allowed to file his own brief. He has filed a brief assigning error, which will be addressed later in this opinion.
As per Benjamin, an independent, thorough review of all the pleadings filed in the district court which are in the appeal record, all minute entries of the district court proceedings, the bill of information, and all transcripts contained in the appeal record have been reviewed. Defendant was properly charged by bill of information with armed robbery, a violation of La. R.S. 14:64, and the bill was signed by an assistant district attorney. Defendant was present and represented by counsel at arraignment, all hearings, *1373 and sentencing. The evidence adduced at trial was sufficient to support Defendant's conviction of guilty of attempt armed robbery. His sentence of thirty years at hard labor without benefit of parole, probation, or suspension of sentence as a second offender is legal in all respects. A review of the record reveals no errors patent; however, an independent review of the transcripts contained in the appeal record reveals one trial court ruling which arguably supports the appeal, namely, admission of the shotgun into evidence. As discussed below in Defendant's pro se arguments, we find that this error does not constitute reversible error.

PRO SE ASSIGNMENT ONE:
By assignment of error one, Defendant alleges that the court erred when it allowed evidence of other crimes to be introduced. Specifically, Defendant avers that error was committed when the court allowed the shotgun dropped near the Jeep to be submitted into evidence. The shotgun was seized by the police after Defendant abandoned it in an unrelated incident on the same day as the robbery. Defendant argues that the introduction of this shotgun, which had no connection with the robbery, confused the jury to the extent that it found him guilty of attempt armed robbery.
To be admissible, demonstrative evidence must be identified and authenticated. La. C.E. art. 901. As a foundation for admitting demonstrative evidence, it must be established that the object sought to be introduced is more probably than not connected with the case. State v. Tatum, 506 So.2d 584 (La.App. 4th Cir.1987); State v. Matthews, 95-1245 (La.App. 4th Cir. 8/21/96), 679 So.2d 977, 984, writ denied, 96-2332 (La.1/31/97), 687 So.2d 403. A lack of positive identification of demonstrative evidence or its chain of custody goes to the weight of the evidence, not to its admissibility, and the connection of that evidence to the case is a factual matter to be determined by the trier of fact. State v. Lewis, 452 So.2d 720 (La.App. 4th Cir. 1984).
In State v. Manieri, 378 So.2d 931 (La. 1980), our Supreme Court held that it was error to allow the introduction of a weapon which was "similar" to the weapon used during the commission of the charged crime. It reasoned that "the jurors naturally tend to infer a connection between the weapon and the [crime] simply from a mere viewing of the material object, although such a connection is not proved." Id. at 933. In that case, the State introduced knives similar to the knife used to kill the victim. However, the court found that the erroneous introduction of the knives did not prejudice the defendant because there was no attempt to associate the knives introduced by the State with the knife used by the defendant. In State v. Villavicencio, 528 So.2d 215 (La.App. 4th Cir.1988), writ denied, 533 So.2d 14 (La. 1988), the defendant argued that the court committed reversible error when it allowed the State to introduce a rifle into evidence that was indisputably not used in the commission of the crime for which the defendant stood trial. We found that it was error to admit the rifle into evidence because it was irrelevant to the case and a jury could improperly infer a connection between the rifle and the crime. Id. at 217. However, we held that the error did not constitute reversible error because there was no attempt by the State to link the rifle with the crime and because there was ample evidence to convict the defendant of the murder without the introduction of the rifle. Likewise, in State v. Everridge, 523 So.2d 879 (La.App. 4th Cir.1988), the defendant claimed that the trial judge erred in allowing a gun into evidence that had not been used in the crime. Again, we found that introduction of the gun constituted error, but, that such error was not reversible error. In that case, there also was no attempt by the State to link the gun with the crime and, furthermore, the State did not seek to exploit the admission of the gun. Id. at 881.
We have repeatedly held that it is error to allow inadmissible and irrelevant weapons into evidence, but have affirmed the convictions because of the harmless error rule. Our Supreme Court recently reaffirmed the harmless error standard in State v. Vale, 96-KO-2953 (La.9/19/97), 699 So.2d 876, 877. An error is harmless if the reviewing court finds beyond a reasonable doubt that the verdict rendered at the trial "was surely unattributable to the error." (citations omitted). As in many past cases, here, the *1374 trial court erred when it allowed the shotgun to be introduced into evidence. The shotgun was not the weapon used in the armed robbery, nor was it at all relevant to the crime.[1] However, we find that under these particular circumstances, the error did not unduly prejudice Defendant. While counsel for Defendant objected to the formal introduction of the shotgun, there was no objection during any of the testimony regarding the shotgun. As such, any error concerning this testimony cannot be raised on appeal.[2] La.C.Cr.P. art. 841; State v. Taylor, 91-2496, p. 5 (La. App. 4th Cir. 3/29/94), 635 So.2d 416, 420.
Regardless, there was no attempt by the State to link the shotgun with the crime, nor was there extensive argument by the State regarding the shotgun. Both the victim and the detective who investigated the case testified that the shotgun was not the weapon used in the armed robbery. Rather, they both testified that the gunman used a handgun. Furthermore, there was testimony by the victim that Defendant was not the perpetrator actually holding the gun. Thus, it was clear that the shotgun was not the weapon used in the commission of the crime and that Defendant was not the person holding the gun during the crime. Moreover, given counsel's failure to object to any of the preceding references to the shotgun, it does not appear that the formal introduction of this exhibit would constitute reversible error.
But we must reiterate that it is very prejudicial to a defendant to have a weapon, such as a shotgun, introduced in a criminal trial when there is no connection between the charged offense and the weapon. Allowing the presentation of this irrelevant evidence implies that the defendant is a criminal or is involved in criminal activity, hence, the basis for the Prieur rule. State v. Prieur, 277 So.2d 126 (La.1973). Trial courts should not allow extraneous weapons to be introduced due to the possibility that the jury will be prejudiced.

PRO SE ASSIGNMENT OF ERROR 2:
Defendant also argues that because the State failed to prove the shotgun was an essential element of the crime, the evidence was insufficient to support his conviction. Defendant insists the introduction of the shotgun led the jury to believe that it was used in the robbery. However, as already discussed, it is unlikely the jury erroneously reached this conclusion. The victim testified that Defendant was not armed during the robbery and that the only gun involved, which was held by a co-perpetrator, was a handgun. Defense counsel also elicited on cross-examination the fact that this shotgun was not connected to the robbery. Thus, there is little likelihood that the jury believed the shotgun was used in the robbery.
Defendant also appears to argue that he could not have been convicted of the robbery because he was not holding the gun. However, the victim's testimony showed that he was a principal to the robbery. La. R.S. 14:24 provides: "All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals." In order to support a defendant's conviction as a principal, the State must show that the defendant had the requisite mental state for the crime. State v. Brooks, 505 So.2d 714 (La.1987), cert. denied, Brooks v. Louisiana, 484 U.S. 947, 108 S.Ct. 337, 98 L.Ed.2d 363 (1987); State v. Hampton, 94-1943 (La.App. 4th Cir. 12/27/96), 686 So.2d 1021, writ denied, 97-0166 (La.6/13/97), 695 So.2d 986. Here, the victim testified that the three men were together in front of the restaurant when she entered the drive-thru lane, and all three men approached and entered her car, with Defendant actually driving her car from the scene. As such, the jury could easily have found beyond a reasonable doubt that Defendant had the requisite *1375 intent and was a principal to the armed robbery.

CONCLUSION:
The trial court erred when it allowed the shotgun seized in an unrelated incident to be introduced into evidence. However, we find that this error harmless because the State did not try to connect the shotgun to the crime, and there was testimony negating any possibility that the gun was used in the crime. Also, even though the Defendant may not have been the perpetrator holding the gun, we find that under the doctrine of principals, Defendant was properly convicted of attempt armed robbery.
AFFIRMED.
NOTES
[1] Defendant was also charged with possession of a firearm by a convicted felon. That charge involved the shotgun as an essential element. However, the State was not prosecuting the defendant for the felony possession charge simultaneously with the instant charge. The felony possession charge was subsequently nolle prosequied.
[2] Defendant does not raise the issue of whether counsel was ineffective for not objecting to the introduction of this evidence.