781 So.2d 640 (2001)
STATE of Louisiana,
v.
Antonio RODRIGUEZ.
No. 2000-KA-0519.
Court of Appeal of Louisiana, Fourth Circuit.
February 14, 2001.
*642 Pamela S. Moran, Louisiana Appellate Project, New Orleans, LA, for Defendant/Appellant.
*643 Court composed of Judge PLOTKIN, Judge WALTZER, and Judge TOBIAS.
Judge STEVEN R. PLOTKIN.
Antonio Rodriguez was convicted of attempted possession of cocaine and sentenced to eight years at hard labor. On appeal, defendant asserts three assignments of error. We affirm the conviction and affirm the sentence, as amended, for the reasons that follow.

STATEMENT OF THE CASE
Defendant was charged by bill of information on March 16, 1998, with possession of cocaine in amount more than twenty-eight grams but less than two hundred grams, a violation of La. R.S. 40:967(A).[1] Defendant pleaded not guilty at his arraignment. On September 25, 1998, this court granted defendant's writ application for the sole purpose of transferring it to the trial court for consideration as a motion for speedy trial. On October 15, 1998, defendant was tried by a twelve-person jury and found guilty of attempted possession of cocaine in an amount more than twenty-eight grams but less than two hundred grams. On January 4, 1999, this court denied the defendant's writ application seeking an appeal. On March 17, 1999, the trial court found that defendant was not a second-felony habitual offender, and sentenced him to eight years at hard labor, without benefit of parole, probation or suspension of sentence, with credit for time served. On May 11, 1999, this court granted defendant's writ application, ordering the trial court to grant defendant an appeal as to his cocaine conviction.

STATEMENT OF FACTS
New Orleans Police Officer Jose Torres testified that on January 21, 1998, he was traveling westbound on N. Broad Street, near Lapeyrouse Street, when he observed a gold Volkswagen Jetta with an expired temporary tag. He activated his emergency lights and siren in an attempt to stop the vehicle. The vehicle turned off N. Broad Street and looped around the block. At N. Broad Street, defendant exited the vehicle, placed a white object under his sweatshirt, and crossed the street.
Officer Torres exited his vehicle and chased defendant, who tossed a white plastic bag to the ground as he fled. Officer Torres apprehended defendant and recovered the bag from a grassy area. The bag contained cocaine. Officer Torres also found a .380 caliber Larson handgun next to the bag of cocaine. Officer Torres stated on cross-examination that he did not see the defendant throw the gun to the ground or see it tumble from the bag.
New Orleans Police Department Criminalist Teresia Lamb, qualified by stipulation as an expert in the testing, analysis and identification of controlled dangerous substances, tested the substances in four of six bags comprising State's exhibit number one. The substances tested positive for cocaine. The total weight of the cocaine was slightly over one hundred fifty grams.

ERRORS PATENT
A review of the record reveals one error patent. The trial court sentenced defendant to imprisonment without benefit of parole, probation or suspension of sentence. La. R.S. 40:967(F)(1)(a) provides that a person convicted of possessing cocaine in the amount of twenty-eight grams or more, but less than two hundred grams, shall be sentenced to imprisonment at hard labor for not less than ten years, nor *644 more than sixty years. La. R.S. 40:967(G) provides that the sentence of a person sentenced under Subsection F shall not be suspended. The provision bars a defendant's eligibility for probation or parole only prior to his serving the minimum sentence.
Defendant was convicted of an attempt. La. R.S. 14:27 provides that a person convicted of an attempt of the variety in the instant case shall be imprisoned in the same manner as for the offense attempted, with such imprisonment not exceeding one-half of the longest term of imprisonment prescribed for the offense so attempted. Thus, there effectively is no minimum sentence for a person convicted of attempted possession of cocaine in an amount more than twenty-eight grams but less than two hundred grams. Therefore, defendant's sentence must be amended to delete the provision denying him the benefits of probation and parole.[2]

ASSIGNMENT OF ERROR NO. 1
In this assignment of error, defendant claims that the trial court erred in admitting evidence of the handgun found by Officer Torres near the bag of cocaine.
The minute entry from the date of trial notes that after the jury was sworn defense counsel filed an oral motion in limine, which the trial court denied. There is no indication of what evidence this motion covered. Defense counsel did not object when Officer Torres testified about his discovery of the gun. However, defense counsel objected to the introduction of the gun in evidence, referring to reasons set forth prior to trial. Thus, it appears that the admissibility of the gun, and evidence pertaining thereto, was contested by the defense, and the issue is preserved for review.
Defendant characterizes the issue as one of relevance. Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. La. C.E. art. 401. Relevant evidence is generally admissible. La. C.E. art. 402. Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time. La. C.E. art. 403.
A trial court's ruling as to relevancy will not be disturbed absent a clear abuse of discretion. State v. Lewis, 97-2854, p. 20 (La.App. 4 Cir.5/19/99), 736 So.2d 1004, 1017, writ denied, 99-2694 (La.3/17/00), 756 So.2d 325; State v. Badon, 95-0452, p. 8 (La.App. 4 Cir.11/16/95), 664 So.2d 1291, 1296. A trial court is vested with much discretion in determining whether the probative value of relevant evidence is substantially outweighed by its prejudicial effect. See State v. Lambert, 98-0730, pp. 21-22 (La.App. 4 Cir.11/17/99), 749 So.2d 739, 755; State v. Brooks, 98-0693, pp. 16-17 (La.App. 4 Cir.7/21/99), 758 So.2d 814, 822-23, writ denied, 99-2519 (La.2/25/00), 755 So.2d 247.
Strictly speaking, evidence as to the seizure of the gun, and the gun itself, were not relevant to the issue of whether defendant possessed the cocaine. However, this evidence was subject to admissibility under La. C.E. art. 404(B) as integral act evidence, that is, evidence so "related and intertwined with the charged offense to such an extent that the state could not have accurately presented its case without reference to it." State v. Brewington, 601 *645 So.2d 656, 657 (La.1992). The test for admissibility of integral act evidence is not simply whether the State might somehow structure its case to avoid any mention of the uncharged act or conduct, but whether doing so would deprive its case of narrative momentum and cohesiveness. State v. Colomb, 98-2813, p. 4 (La.10/1/99), 747 So.2d 1074, 1076.
In Colomb, police arrested the defendant after seeing him standing at the open door of his van stopped in the middle of the street in area known for drug trafficking with five or six known drug traffickers gathered around him. Defendant was arrested for possession of a firearm by a convicted felon and possession of marijuana. At his trial on the firearm charge, officers testified that after they found the firearm on the floorboard of the van, defendant lifted up his shirt to reveal a bag of marijuana, which he admitted belonged to him. The appellate court reversed the defendant's conviction, holding that evidence of the marijuana, found after the discovery of the gun, did not relate to conduct forming an integral part of the firearm offense, i.e., the res gestae. The appellate court further stated that even if the defendant's drug possession constituted part of the res gestae, it could discern no relevant reason, other than prejudice, for its admission into evidence. The Louisiana Supreme Court subsequently reversed the appellate court. The Court held that the evidence of the defendant's marijuana possession, contemporaneous with the discovery of the firearm in his van, "provided not only narrative completeness to a case which began as a narcotics stop but also formed an integral part of the context facts in which jurors evaluated the state's case for defendant's exercise of dominion and control over the weapon." 98-2813 at p. 4, 747 So.2d at 1076. The Court found the undisputed evidence of the defendant's marijuana possession in a high crime area was highly probative in that it was fully consistent with the officers' disputed testimony that the defendant had admitted that he possessed his wife's gun for protection. The Court held that, given the high probative value of the drug possession evidence, it did not need to decide whether integral act evidence presented under authority of La. C.E. art. 404(B) must invariably pass the balancing test of La. C.E. art. 403. The Court noted a split of authority as to that issue, noting that this court had held that res gestae evidence is subject to La. C.E. art. 403's balancing test. The Court stated: "[i]t is no longer true that whatever forms part of the res gestae is admissible, and such evidence remains subject to the [art. 403] balancing test." Id. (quoting State v. Smith, 94-1502, p. 6 (La.App. 4 Cir.1/19/95), 649 So.2d 1078, 1083).
"[This court] has repeatedly held that it is error to allow inadmissible and irrelevant weapons into evidence, but [has] affirmed the convictions because of the harmless error rule." State v. Richardson, 96-2598, p. 5 (La.App. 4 Cir.12/17/97), 703 So.2d 1371, 1373, writ denied, 98-0228 (La.9/25/98), 726 So.2d 7. In State v. Villavicencio, 528 So.2d 215 (La.App. 4 Cir. 1988), writ denied, 533 So.2d 14 (La.1988), this court found it was error for the trial court to admit into evidence a rifle not used in the commission of the crime for which defendant stood trial. However, we held the error did not constitute reversible error because the State did not attempt to link the rifle to the crime, and because the remaining evidence against the defendant was overwhelming. Similarly, in State v. Everridge, 523 So.2d 879 (La.App. 4 Cir. 1988), this court found that the introduction of a gun that had not been used in the crime for which defendant stood trial was error, but did not rise to the level of reversible error. The State in that case, *646 did not attempt to link the gun to the crime, nor did the State exploit the admission of the gun.
In State v. Richardson, supra, the defendant was convicted of attempted armed robbery, for taking the victim's car at gunpoint from the drive-thru lane of a fast food restaurant. On appeal, the defendant argued that it was error for the trial court to admit into evidence a shotgun abandoned by the defendant in an unrelated incident on the same day as the robbery. This court held that:
it is very prejudicial to a defendant to have a weapon, such as a shotgun, introduced in a criminal trial when there is no connection between the charged offense and the weapon. Allowing the presentation of this irrelevant evidence implies that the defendant is a criminal or is involved in criminal activity, hence, the basis for the Prieur rule. State v. Prieur, 277 So.2d 126 (La.1973). Trial courts should not allow extraneous weapons to be introduced due to the possibility that the jury will be prejudiced.
Id., at p. 6, 703 So.2d at 1374. However, this court found that the trial court's error of introducing the shotgun into evidence was harmless, because the State did not try to connect the shotgun to the attempted armed robbery, and there was testimony negating any possibility that the gun was used in the commission of the crime.
In the instant case, the evidence of the recovery of the gun next to the bag of cocaine was relevant insofar as it provided narrative completeness to the story of defendant's arrest. However, that relevance appears to have been minimal. Officer Torres stated that he did not see defendant in possession of a gun or see him discard a gun. Additionally, Officer Torres testified that it was dark on the night of the incident. However, since Officer Torres testified that he did not see defendant with a gun or see him discard one, the potential prejudicial effect of the evidence also appears minimal.
Accepting Officer Torres' testimony, the evidence against defendant was straightforward and overwhelming. He saw defendant exit a vehicle with a bag later found to contain cocaine, flee, and discard the bag as he fled. Even if it is assumed that the minimal prejudicial effect of the gun outweighed its minimal probative value, and the trial court erred in failing to exclude that evidence, such error was harmless, as the guilty verdict in this case was surely unattributable to such error. State v. Castleberry, 98-1388, p. 23 (La.4/13/99), 758 So.2d 749, 769, cert. denied, Castleberry v. Louisiana, 528 U.S. 893, 120 S.Ct. 220, 145 L.Ed.2d 185 (1999); State v. Whitton, 99-1953, p. 17 (La.App. 4 Cir.9/27/00), 770 So.2d 844, 854.
There is no merit to this assignment of error.

ASSIGNMENT OF ERROR NO. 2
In this assignment of error, defendant claims that his sentence is unconstitutionally excessive, and argues that the trial court failed to consider the sentencing guidelines in La.C.Cr.P. art. 894.1.
La.C.Cr.P. art. 881.1 provides in pertinent part:
A. (1) Within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.
(2) The motion shall be oral at the time of sentencing or in writing thereafter and shall set forth the specific grounds on which the motion is based.

*647 * * *
D. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.
La.C.Cr.P. art. 881.2 provides in pertinent part:
A. (1) The defendant may appeal or seek review of a sentence based on any ground asserted in a motion to reconsider sentence. The defendant also may seek review of a sentence which exceeds the maximum sentence authorized by the statute under which the defendant was convicted and any applicable statutory enhancement provisions.
In the instant case, defense counsel failed to make an oral or file a written motion for reconsideration of sentence, or object to the sentence in any way. Therefore, defendant is precluded from raising both the claim of excessive sentence and the claim that the trial court failed to consider the sentencing factors enunciated in La.C.Cr.P. art. 894.1. State v. Tyler, 98-1667, p. 14 (La.App. 4 Cir.11/24/99), 749 So.2d 767, 775.

ASSIGNMENT OF ERROR NO. 3
In this last assignment of error, defendant argues that if this court's review of the previous assignment of error is precluded due to counsel's failure to object or file a motion to reconsider the sentence, such lapse on counsel's part amounts to ineffective assistance of counsel.
"As a general rule, claims of ineffective assistance of counsel are more properly raised by application for post conviction relief in the trial court where a full evidentiary hearing may be conducted if warranted." State v. Howard, 98-0064, p. 15 (La.4/23/99), 751 So.2d 783, 802, cert. denied, Howard v. Louisiana, 528 U.S. 974, 120 S.Ct. 420, 145 L.Ed.2d 328 (1999). However, where the record is sufficient, the claims may be addressed on appeal. State v. Wessinger, 98-1234, p. 43 (La.5/28/99), 736 So.2d 162, 195, cert. denied, Wessinger v. Louisiana, 528 U.S. 1050, 120 S.Ct. 589, 145 L.Ed.2d 489 (1999); State v. Bordes, 98-0086, p. 7 (La.App. 4 Cir.6/16/99), 738 So.2d 143, 147. Ineffective assistance of counsel claims are reviewed under the two-part test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). State v. Brooks, 94-2438, p. 6 (La.10/16/95), 661 So.2d 1333, 1337 (on rehearing); State v. Robinson, 98-1606, p. 10 (La.App. 4 Cir.8/11/99), 744 So.2d 119, 126. In order to prevail, the defendant must show both that: (1) counsel's performance was deficient; and (2) he was prejudiced by the deficiency. Brooks, supra; State v. Jackson, 97-2220, p. 8 (La.App. 4 Cir.5/12/99), 733 So.2d 736, 741. Counsel's performance is ineffective when it is shown that he made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Strickland at 686, 104 S.Ct. at 2064; State v. Ash, 97-2061, p. 9 (La.App. 4 Cir.2/10/99), 729 So.2d 664, 669, writ denied, 99-0721 (La.7/2/99), 747 So.2d 15. Counsel's deficient performance will have prejudiced the defendant if he shows that the errors were so serious as to deprive him of a fair trial. To carry his burden, the defendant must show that there is a reasonable probability that, but for counsel's deficient performance the result of the proceeding would have been different; "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland at 694, 104 S.Ct. at 2068; State v. Guy, 97-1387, p. 7 (La.App. 4 Cir.5/19/99), *648 737 So.2d 231, 236, writ denied, 99-1982 (La.1/7/00), 752 So.2d 175.
Thus, to prevail on this claim defendant must show that there is a reasonable probability that, had defense counsel filed a motion to reconsider sentence and preserved the issues raised by the previous assignment of error, this court would have found merit in the assignment of error.
La. Const. art. I, section 20 explicitly prohibits excessive sentences. State v. Baxley, 94-2982, p. 4, (La.5/22/95), 656 So.2d 973, 977. "`Although a sentence is within the statutory limits, the sentence may still violate a defendant's constitutional right against excessive punishment.'" State v. Brady, 97-1095, p. 17 (La.App. 4 Cir.2/3/99), 727 So.2d 1264, 1272, rehearing granted on other grounds, (La.App. 4 Cir.3/16/99) (quoting State v. Francis, 96-2389, p. 6 (La.App. 4 Cir.4/15/98), 715 So.2d 457, 461, writ denied, 98-2360 (La.2/5/99), 737 So.2d 741). However, the penalties provided by the legislature reflect the degree to which the criminal conduct is an affront to society. Baxley, 94-2982 at p. 10, 656 So.2d at 979, citing State v. Ryans, 513 So.2d 386, 387 (La.App. 4 Cir.1987), writ denied, 516 So.2d 366 (La.1988). A sentence is constitutionally excessive if it makes no measurable contribution to acceptable goals of punishment, is nothing more than the purposeless imposition of pain and suffering, and is grossly out of proportion to the severity of the crime. State v. Johnson, 97-1906, pp. 6-7 (La.3/4/98), 709 So.2d 672, 676. "`A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice.'" Baxley, 94-2982 at p. 9, 656 So.2d at 979 (quoting State v. Lobato, 603 So.2d 739, 751 (La.1992)); State v. Hills, 98-0507, p. 5 (La.App. 4 Cir.1/20/99), 727 So.2d 1215, 1217.
In reviewing a claim that a sentence is excessive, an appellate court generally must determine whether the trial judge has adequately complied with statutory guidelines in La.C.Cr.P. art. 894.1, and whether the sentence is warranted under the facts established by the record. State v. Trepagnier, 97-2427, p. 11 (La.App. 4 Cir.9/15/99), 744 So.2d 181, 189; State v. Robinson, 98-1606, p. 12 (La.App. 4 Cir.8/11/99), 744 So.2d 119, 127. If adequate compliance with La.C.Cr.P. art. 894.1 is found, the reviewing court must determine whether the sentence imposed is too severe in light of the particular defendant and the circumstances of the case, keeping in mind that maximum sentences should be reserved for the most egregious violators of the offense so charged. State v. Ross, 98-0283, p. 8 (La. App. 4 Cir.9/8/99), 743 So.2d 757, 762; State v. Bonicard, 98-0665, p. 3 (La.App. 4 Cir.8/4/99), 752 So.2d 184, 185, writ denied, 99-2632 (La.3/17/00), 756 So.2d 324.
However, in State v. Major, 96-1214 (La.App. 4 Cir.3/4/98), 708 So.2d 813, writ denied, 98-2171 (La.1/15/99), 735 So.2d 647, this court stated:
The articulation of the factual basis for a sentence is the goal of Art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, resentencing is unnecessary even when there has not been full compliance with Art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The reviewing court shall not set aside a sentence for excessiveness if the record supports the sentence imposed. La. C.Cr.P. art. 881.4(D).
96-1214 at p. 10, 708 So.2d at 819.
In State v. Soraparu, 97-1027 (La.10/13/97), 703 So.2d 608, the Louisiana Supreme Court stated:

*649 On appellate review of sentence, the only relevant question is "`whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.'" State v. Cook, 95-2784, p. 3 (La.5/31/96), 674 So.2d 957, 959 (quoting State v. Humphrey, 445 So.2d 1155, 1165 (La. 1984)), cert. denied, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996). For legal sentences imposed within the range provided by the legislature, a trial court abuses its discretion only when it contravenes the prohibition of excessive punishment in La. Const. art. I, § 20, i.e., when it imposes "punishment disproportionate to the offense." State v. Sepulvado, 367 So.2d 762, 767 (La.1979). In cases in which the trial court has left a less than fully articulated record indicating that it has considered not only aggravating circumstances but also factors militating for a less severe sentence, State v. Franks, 373 So.2d 1307, 1308 (La.1979), a remand for resentencing is appropriate only when "there appear[s] to be a substantial possibility that the defendant's complaints of an excessive sentence ha[ve] merit." State v. Wimberly, 414 So.2d 666, 672 (La. 1982).
Id.
Pursuant to La. R.S. 40:967(F)(1)(a) and La. R.S. 14:27(D)(3), defendant was subject to imprisonment at hard labor for not more than thirty years. The trial court sentenced defendant to eight years at hard labor. The trial court did not state any reasons when imposing the sentence. Defendant was several weeks short of his thirty-ninth birthday at the time of sentencing. On the day of sentencing the trial court found that defendant was not a habitual offender, as the State could not produce a Boykin[3] transcript of his prior guilty plea. There apparently had already been a proceeding where it was proven by fingerprint comparison that defendant was the same person previously convicted. Also, the trial court had previously found probable cause to charge defendant with possession of firearm by a convicted felon. The record contains defendant's state rap sheet, reflecting one prior felony conviction for possession of cocaine, for which he received a three-year suspended sentence, and three years active probation, which probation ended in September 1994. Defendant was arrested in February 1983 for possession of marijuana and illegal carrying of weapons. In addition, it appears he had six other misdemeanor arrests, and four municipal arrests, none of which resulted in convictions. Finally, it can be noted that the evidence in the instant case showed that defendant possessed the cocaine, and that defendant benefited from the jury's "compromise verdict" of attempted possession.
Considering defendant's record, and the fact that he received a sentence of less than one-third of the maximum possible sentence to which he was exposed, it cannot be said that defendant's sentence was unconstitutionally excessive. Therefore, it cannot be said that defense counsel's failure to file a motion to reconsider sentence constituted ineffective assistance of counsel.
There is no merit to this assignment of error.

CONCLUSION
For the foregoing reasons, we affirm defendant's conviction and amend defendant's sentence to delete the portion denying him the benefit of parole or probation. Defendant's sentence is affirmed as amended.
*650 CONVICTION AFFIRMED; SENTENCE AFFIRMED AS AMENDED.
NOTES
[1] Defendant was charged in a second count in the same bill of information with possession of a firearm by a convicted felon. The offenses were tried separately, and defendant was convicted of the firearm charge. His appeal in that case is pending. State v. Rodriguez, 2000-KA-1521.
[2] Defendant raises this issue in his third assignment of error.
[3] Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).