STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA 05-214

STATE OF LOUISIANA

VERSUS

JAMEY L. EVERETT

************

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. CR-984-02
HONORABLE HERMAN I. STEWART, JR., DISTRICT JUDGE

************

JAMES T. GENOVESE
JUDGE

************

Court composed of Glenn B. Gremillion, J. David Painter, and James T. Genovese, Judges.

SENTENCE VACATED; REMANDED WITH INSTRUCTIONS.

Edward K. Bauman
Louisiana Appellate Project
Post Office Box 1641
Lake Charles, Louisiana 70602
COUNSEL FOR DEFENDANT/APPELLANT:
    Jamey L. Everett


David W. Burton
District Attorney, Thirty-Sixth Judicial District
ADA Richard A. Morton
Post Office Drawer 99
DeRidder, Louisiana 70634
COUNSEL FOR PLAINTIFF/APPELLEE:
    State of Louisiana

**GENOVESE, Judge.**

The Defendant, Jamey L. Everett, was convicted by a jury of attempted possession of a firearm by a convicted felon and sentenced to five and one-half years at hard labor without benefit of probation, parole, or suspension of sentence, and ordered to pay a fine of $1,000.00 plus court costs. In an earlier appeal, this court vacated the sentence and remanded this matter to the trial court due to an error of law in the trial court's mistaken presumption as to the appropriate sentencing range. Defendant was resentenced to three and one-half years at hard labor. Defendant's motion for reconsideration of sentence was denied.

Defendant is contesting his sentence on appeal.

## FACTS

On February 25, 2003, the Defendant was charged by bill of information with possession of a firearm by a convicted felon in violation of La.R.S. 14:95.1, and with possessing a firearm while attempting to commit a crime of violence, namely, aggravated assault, in violation of La.R.S. 14:95(E). The Defendant was arraigned on February 25, 2003, and entered a plea of not guilty.

On February 20, 2004, pursuant to jury trial, the Defendant was convicted of the lesser included charge of attempted possession of a firearm by a convicted felon and acquitted of the charge of illegal possession of a firearm while attempting to commit a crime of violence. Thereafter, on April 6, 2004, the trial court held a sentencing hearing. On April 12, 2004, the trial court sentenced the Defendant to five and one-half years at hard labor without benefit of probation, parole, or suspension of sentence and imposed a fine of $1,000.00 and costs of court.

In an unpublished opinion rendered on November 10, 2004, this court vacated the Defendant's sentence and remanded the case to the trial court for resentencing

1

finding that the trial court was under the mistaken impression that a minimum sentence applied to the crime of attempted illegal possession of a firearm by a convicted felon. This court held that "a sentence imposed by a trial court laboring under a mistaken presumption as to the appropriate sentencing range is an error of law, and must be set aside." *State v. Everett*, 04-808 (La.App. 3 Cir. 11/10/04), 887 So.2d 157 (unpublished opinion).

The Defendant was resentenced on December 20, 2004, to three and one-half years at hard labor. The Defendant filed a written motion to reconsider sentence on December 28, 2004, which was denied on that same date.

The Defendant is now before this court alleging only that his sentence is excessive.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, this court reviews all appeals for errors patent on the face of the record. After reviewing the record, we find one error patent on the face of the record.

In the original appeal of this case, this court found the trial court sentenced the Defendant under the mistaken belief that it was required to impose a minimum sentence for the Defendant's conviction of attempted possession of a firearm by a convicted felon. *Everett*, 887 So.2d 157 (unpublished opinion). This court noted the supreme court's determination that the language of La.R.S. 14:27(D)(3) (the attempt statute) does not require a minimum penalty even though one is required for the completed offense. *See State v. Callahan*, 95-1331 (La. 3/29/96), 671 So.2d 903, *appeal after remand*, 29,351 (La.App. 2 Cir. 2/26/97), 690 So.2d 864, *writ denied*, 97-0705 (La. 9/26/97), 701 So.2d 979. Therefore, because the trial court imposed the sentence under a mistaken belief as to the proper sentencing range, this court

2

remanded the case to the trial court for resentencing "after consideration of the proper sentencing range." *Everett*, 887 So. 2d 157 (unpublished opinion).

At resentencing, the trial court reduced the Defendant's sentence from five and one-half years to three and one-half years at hard labor and imposed a fine of $1,000.00 plus costs. The trial court also noted that it imposed the original sentence without benefit of probation, parole, or suspension of sentence. Even though this court did not address the parole restriction in its remand order, the trial court announced its opinion "that not only is there no minimum sentence required but there is no requisite that [the Defendant's] sentence be without benefit of parole." The trial court specified that "[a]ll prior reference to [the Defendant's] sentence being without benefit of parole is hereby specifically deleted." The State objected to the trial court's refusal to prohibit parole eligibility and the trial court noted the objection.

We find the trial court erred in refusing to impose the Defendant's sentence without benefit of parole. Louisiana Revised Statute 14:95.1(B) provides:

> Whoever is found guilty of violating the provisions of this Section shall be imprisoned at hard labor for not less than ten nor more than fifteen years without the benefit of probation, parole, or suspension of sentence and be fined not less than one thousand dollars nor more than five thousand dollars.

The attempt statute, La.R.S. 14:27, provides, in pertinent part:

> (D)(3) In all other cases he shall be fined or imprisoned or both, *in the same manner as for the offense attempted*; such fine or imprisonment shall not exceed one-half of the largest fine, or one-half of the longest term of imprisonment prescribed for the offense attempted, or both.

(Emphasis added).

The supreme court analyzed the "in the same manner" phrase of the attempt statute as it applied to an attempted armed robbery offense:

> The armed robbery article of the criminal code, provides that any person who commits the crime of armed robbery "shall be imprisoned at hard labor for not less than five years and for not more than

3

> ninety-nine years, without benefit of parole, probation or suspension of sentence." La.R.S. 14:64. The attempt article subjects persons to punishment "in the same manner as for the offense attempted." La.R.S. 14:27 D(3). A realistic and genuine construction of the two provisions requires that persons who attempt armed robbery shall be punished at hard labor without benefit of parole, probation or suspension of sentence.

*State ex rel. Sullivan v. Maggio*, 432 So.2d 854, 857 (La.1983). Likewise, we find that a "realistic and genuine construction" of the two articles in the present case, La.R.S. 14:95.1(B) and La.R.S. 14:27(D)(3), requires a person convicted of attempted possession of a firearm by a convicted felon to be imprisoned without benefit of probation, parole, or suspension of sentence.

We find the trial court's ruling that no parole restriction was required may have been prompted by a series of recent cases wherein courts have found that no parole restriction is required when the offense committed is an attempt as defined by La.R.S. 14:27. *See State v. Odle,* 02-0226 (La.App. 3 Cir. 11/13/02), 834 So.2d 483, *writ denied*, 03-0625 (La. 6/20/03), 847 So.2d 1219; *State v. Brown*, 00-2120 (La.App. 4 Cir. 12/19/01), 804 So.2d 863, *writ denied*, 02-0308 (La. 2/7/03), 836 So.2d 85; and *State v. Rodriguez*, 00-0519 (La.App. 4 Cir. 2/14/01), 781 So.2d 640. *But see State v. Middlebrook*, 409 So.2d 588 (La.1982). These cases are readily distinguishable, however, from the present case, as well as the attempted armed robbery case discussed above. Unlike the present offense, as well as attempted armed robbery, the offenses at issue in the above listed cases all had parole restrictions that applied only to the *minimum* sentences. Thus, following the holding of *Callahan*, i.e., that there is no minimum for attempt, these courts found there is likewise no restriction of parole. In the case at hand, however, the parole restriction is not attached to the minimum sentence. Rather, the parole restriction applies to the entire sentencing range. Accordingly, we find the trial court erred in failing to impose the present

4

sentence without benefit of parole.

We, therefore, remand this case for resentencing. Had it known that the entire term of imprisonment must be served without benefit of parole, the trial court may have imposed a lesser term of imprisonment for the Defendant. Thus, we vacate the Defendant's sentence and remand for resentencing with instructions to the trial court that the entirety of any sentence imposed must be served without benefit of parole, probation, or suspension of sentence.

## ASSIGNMENT OF ERROR

As his sole assignment of error, the Defendant alleges that the sentence imposed by the trial court is excessive. Because this court has vacated Defendant's sentence and remanded this case to the trial court for resentencing, Defendant's claim of excessive sentence is premature and need not be considered. Once resentenced, Defendant may re-urge any legally permissible claims relative to his sentencing.

For the foregoing reasons, Defendant's sentence is hereby vacated and the case is remanded for resentencing with instructions that the entirety of any sentence imposed under the attempted possession of a firearm by a convicted felon statute be served without benefit of probation, parole, or suspension of sentence. Defendant's right to challenge any subsequent sentence is reserved.

**SENTENCE VACATED; REMANDED WITH INSTRUCTIONS.**

5