575 So.2d 444 (1991)
STATE of Louisiana
v.
Isaac HECHAVARRIA.
No. 90-KA-1056.
Court of Appeal of Louisiana, Fourth Circuit.
January 31, 1991.
*445 Harry F. Connick, Dist. Atty., Charmagne Padua, Asst. Dist. Atty., Orleans Parish, New Orleans, for appellee.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for appellant.
Before KLEES, BYRNES and WILLIAMS, JJ.
WILLIAMS, Judge.
In this criminal appeal, defendant claims that the trial court erred in denying his motion to suppress the evidence and that the State failed to present sufficient evidence to support the conviction. We find defendant's claims meritless. Therefore, as we find no errors patent, we affirm defendant's conviction and sentence.

FACTUAL AND PROCEDURAL HISTORY
The defendant was charged by bill of information with possession with intent to distribute marijuana and possession with intent to distribute cocaine. He was arraigned September 21, 1987 and pled not guilty. He filed a motion to suppress evidence which the court denied October 7, 1987. On October 21, 1987 a twelve member *446 jury found the defendant guilty as charged. On January 12, 1988, he was sentenced to eight years at hard labor on each count, with the sentences to run concurrently. On January 23, 1990 the court granted the defendant an out of time appeal. The defense filed a brief July 3. The State responded July 23.
Officer Lawrence Weathersby testified he received a call from Crimestoppers, a neighborhood watch program, which reported narcotic trafficking in the 3400 block of Royal Street. He and his partner Donald Brooks began a surveillance of the area July 21, 1987. On July 31, he observed what he "believed to be a drug transaction" in the doorway of 3429 Royal. After learning from Brooks that he had seen apparent transactions, they applied for and obtained a search warrant. Between 9:00 and 10:00 p.m. that evening, they executed the warrant. They found the door of the residence open. A woman, later identified as a co-defendant in this case, Ann Williams, saw the officers and yelled "Police." The defendant was sitting at the kitchen table. When he heard Williams scream, he picked up a clear bag containing white powder and fled to the bathroom. Weathersby chased him to the bathroom and kicked the bathroom door open as the toilet flushed. The defendant threw a gun he was carrying into the bathtub.
The officers detained the defendant, Williams, and two other women. They discovered a scale, a clear plastic bag containing white powder and two smaller bags containing green vegetable matter on the kitchen table. In a front bedroom, the officers discovered a revolver under a pillow on the bed. In a rear bedroom, they discovered a handgun, and eleven clear plastic bags containing a green vegetable matter. At that point, they placed all four subjects under arrest. Williams was found in possession of a piece of foil paper containing white powder. The defendant was found in possession of $284.00 in small bills.
The officers also found a white powder commonly used to "cut" cocaine, plastic bags commonly used for marijuana and cocaine packaging and syringes. They seized a 1986 income tax return with the defendant's name and address of 3429 Royal. They also seized the defendant's clothing since the defendant had been wearing the same clothes when Weathersby witnessed the earlier transaction.
Brooks confirmed the testimony of Weathersby. He testified he and Weathersby had the defendant's house under surveillance for several days prior to July 31. They noticed heavy traffic to the house. On July 31, he parked his car one and a half blocks from the house. Through the use of binoculars, he observed several people walk up to the porch and give currency to the defendant in exchange for contraband. The defendant was wearing the clothes later confiscated.
Officer Michael Glasser was qualified as an expert in packaging and distribution of controlled substances. He identified the substances mannite and mannitol seized at the scene as substances used to "cut" or enlarge quantities of cocaine. He said the seized syringes were commonly used in intravenuous drug use, the scale was commonly used to measure small quantities of drugs and the plastic bags were commonly used to package narcotics.
The parties stipulated that the powder recovered at the scene tested positive for cocaine and the green vegetable matter tested positive for marijuana.
The defendant testified with the help of an interpreter. He admitted using cocaine. He admitted he owned the scale but testified he used it to weigh food because he is a diabetic. He said he used the mannite and mannitol as a sleeping aid and the syringe to inject insulin. He claimed the marijuana was not found in his house but in the neighboring apartment although he alluded he used the marijuana in his religious practices. He admitted he had been convicted of possession of cocaine in New York. On cross, he denied he had been convicted of distribution of narcotics.

*447 PROBABLE CAUSE
The defendant argues the trial court erred in denying his motion to suppress the evidence. At a hearing on the motion, October 7, 1987, Weathersby explained that the search was conducted pursuant to a warrant. The warrant was introduced into evidence.
A search warrant may issue only upon an affidavit establishing probable cause to the satisfaction of a neutral magistrate. La. Const. Art. 1, § 5; La.C.Cr.P. art. 162. Probable cause exists when the facts and circumstances within the affiant's knowledge and those of which he has reasonably trustworthy information are sufficient to support a reasonable belief that evidence or contraband may be found at the place to be searched. The facts establishing the existence of probable cause must be contained within the four corners of the affidavit. State v. Duncan, 420 So.2d 1105 (La. 1982); State v. Manso, 449 So.2d 480 (La.1984), cert. den. 469 U.S. 835, 105 S.Ct. 129, 83 L.Ed.2d 70 (1984).
[T]he task of the issuing magistrate is simply to make a practical common-sense decision whether, given all the circumstances set forth in the affidavit, including the `veracity,' `reliability' and `basis of knowledge' of the informant, there is a fair probability that the contraband or evidence will be found in a particular place.
State v. Hernandez, 513 So.2d 312, 316 (La.App. 4th Cir.1987), writ den. 516 So.2d 130 (La. 1987). A search warrant should be tested in a common sense and realistic manner without technical requirements of elaborate specificity. Doubtful or marginal cases should be resolved with a preference for warrants. State v. Huffman, 419 So.2d 458 (La.1982).
The defendant argues probable cause did not exist to support issuance of a search warrant for 3429 Royal Street. However, the affidavit supporting the warrant states that Weathersby received information from a concerned neighborhood group that narcotics were being distributed at the address. The officers attempted to corroborate the information and kept the house under periodic surveillance for nine days. During that time, they noticed persons loitering about the address. At that point, the officers contacted a reliable informant who had "proven to be reliable in the past." Weathersby and Brooks gave the informant marked bills and Brooks actually watched as the informant exchanged the money for a small object from the defendant.
The warrant was clearly based on probable cause, and the motion was correctly denied. This assignment is without merit.

SUFFICIENCY OF EVIDENCE
The defendant complains the State failed to present sufficient evidence to support the conviction for possession with intent to distribute cocaine. He concedes the evidence was sufficient to support the conviction for possession of marijuana with intent to distribute, but argues that the evidence as to the cocaine only supported a finding of guilty of simple possession.
The standard of review when an appellate court examines sufficiency of evidence is whether, viewing the evidence in the record as a whole in a light most favorable to the prosecution, any rational trier of fact could conclude, beyond a reasonable doubt, that there was proof of each element of the crime. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
Under LSA-R.S. 40:967(A)(1) the State must prove the defendant 1) knowingly possessed 2) with the intent to distribute 3) cocaine. The defendant concedes he knowingly possessed the cocaine and the facts support his concession. At trial, the defendant admitted using cocaine. When the police entered, the defendant was sitting at a table on which cocaine was found. Upon seeing the officers, he ran to the bathroom carrying a bag containing white powder and flushed the toilet. As to the element of intent to distribute, intent need not be proven as a fact, but may be inferred from the circumstances. State v. Thomas, 543 So.2d 540 (La.App. 4th Cir. 1989), writ den. 548 So.2d 1229 (La.1989). *448 Factual circumstances from which the intent to distribute a controlled substance may be inferred include: previous distribution by the defendant; the presence of paraphernalia for distribution; possession of an amount sufficient to create a presumption of intent to distribute; and packaging in a form usually associated with distribution rather than personal use. State v. Myre, 502 So.2d 1105, 1108 (La.App. 4th Cir.1987). In this case, income tax returns established the house searched as the defendant's residence. The residence contained a scale commonly used to measure quantities of cocaine, and quantities of drugs commonly used to "cut" cocaine for distribution. The officers witnessed the defendant distribute narcotics. The defendant had a prior narcotics conviction. From these facts, intent to distribute can be inferred.
The State presented sufficient evidence to support the conviction for possession of cocaine with intent to distribute.
This assignment is meritless.

DECREE
The defendant's convictions and sentences are affirmed.
AFFIRMED.