ARMSTRONG, Judge.
Edward D. Smith was charged by bill of information with possession of a firearm by a convicted felon, a violation of LSA-R.S. 14:95.1. At his arraignment he pleaded not guilty. The trial court found probable cause and denied the Motions to Suppress the Evidence, the Statement and the Identification. On the day set for trial, the defendant withdrew his earlier plea and entered a plea of guilty as charged, reserving his right under State v. Crosby, 338 So.2d 584 (La.1976), to appeal the denial of the Motions to Suppress the Evidence, the Statement and the Identification. He was sentenced to serve five years at hard labor, the sentence to run concurrently with any other he is serving. He now appeals, ask *7 ing this court to examine the record for errors patent.
At the hearing on the Motions to Suppress NOPD Officer George Chenevert who was driving on Toledano Street at Claiborne Avenue on February 3, 1990, about 9 P.M., when he heard a woman scream. The officer saw a man — carrying an object — running towards Willow Street and followed him into the Magnolia Housing Project. After the man was apprehended, a search revealed he was carrying a gun and twenty packets of cocaine. The purse he had allegedly snatched from the screaming woman was never found. When told he was being charged with purse snatching, the defendant told the officer, “I don’t do robberies. I sell crack.” The defendant proved to have two prior felonies, and the trial court granted defense’s motion to severe the possession of cocaine charge from the possession of a firearm offense. After he was found guilty at a jury trial for possession of cocaine, he pleaded guilty to the instant charge. At the sentencing hearing, the trial court granted the Motion to Quash the multiple bill because the defendant had just been multiple billed in another section of criminal court for a different conviction.
Counsel complied with the procedures outlined by Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), as interpreted by this Court in State v. Troy Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990). Counsel’s detailed review of the procedural history of the case and the facts of the case indicate a thorough review of the record. Counsel has moved to withdraw because he believes, after a conscientious review of the record, that there are no non-frivolous issues to be raised on appeal. Counsel has reviewed all available transcripts and has found no trial court rulings which arguably support the appeal. A copy of the brief was forwarded to the appellant, and this Court informed the defendant that he had the right to file a brief on his own behalf. He has not done so.
As per State v. Benjamin, this Court has performed an independent, thorough review of all the pleadings filed in the district court, all minute entries of the district court proceedings, the bill of information and all transcripts contained in the appeal record. The defendant was properly charged by bill of information with a violation of LSA-R.S. 14:95.1 and the bill was signed by an assistant district attorney. The defendant was present and represented by counsel at arraignment, all motion hearings, and sentencing. The sentence of five years at hard labor without benefit of parole, probation, or suspension of sentence is legal in all respects. Our independent review reveals no non-frivolous issues and a review of all transcripts contained in the appeal record reveals no trial court ruling which arguably supports the appeal. Accordingly, the defendant’s conviction and sentence are affirmed. Appellant counsel’s motion to withdraw is granted.
AFFIRMED.