649 So.2d 1078 (1995)
STATE of Louisiana
v.
Edward D. SMITH.
No. 94-KA-1502.
Court of Appeal of Louisiana, Fourth Circuit.
January 19, 1995.
*1080 Harry F. Connick, Dist. Atty. and Val M. Solino, Asst. Dist. Atty., New Orleans, for appellee.
Laurie A. White and Angela A. Gerrets, Law Office of Laurie A. White, New Orleans, for appellant.
Before LOBRANO, JONES and LANDRIEU, JJ.
LANDRIEU, Judge.
Edward D. Smith was charged by bill of information on March 30, 1990, with one count of being a convicted felon in possession of a firearm and one count of possession with the intent to distribute crack cocaine. He pleaded not guilty to both counts, and the charges were later severed.[1] On May 9, 1990, defendant was tried by a twelve-member jury on the second count and was found guilty as charged. He was sentenced on July 18, 1990, to serve twenty (20) years at hard labor, and the multiple bill was quashed.

FACTS
At approximately 9:00 p.m. on February 3, 1990, Officers George Chenevert and Edmond Worthy were on patrol in the vicinity of South Claiborne Avenue and Toledano Street when they heard a woman scream.[2] Immediately thereafter, they observed a *1081 man running with what appeared to be a purse. The officers pursued the man into the Magnolia Housing Project, but they lost sight of him. The officers split up to continue the search, and some four minutes later, Chenevert saw the defendant standing on a balcony. Officer Chenevert testified that the defendant, dressed in a dark long sleeve shirt and blue jeans, fit the description of the person he was pursuing. He approached the defendant to investigate. When Chenevert frisked the defendant, he found a gun in his waistband. He placed the defendant under arrest for carrying a concealed weapon and advised him of his rights. A search incident to the arrest found a plastic bag containing twenty pieces of crack cocaine in defendant's right front pants pocket. When the defendant was informed that he was being arrested for purse snatching, he stated, "I don't do robberies. I sell crack."

DISCUSSION

ERRORS PATENT
Our review of the record reveals no errors patent.

ASSIGNMENT OF ERROR NO. 5
In this assignment of error, the defendant contends that the evidence presented was insufficient to support a finding of guilty of possession with the intent to distribute cocaine. Specifically he argues that there was no evidence that he had the requisite intent to distribute cocaine.
When both the sufficiency of the evidence and one or more trial errors are raised as issues on appeal, the reviewing court should first determine the sufficiency of the evidence. Because the defendant may be entitled to an acquittal or a reduction of the conviction to a judgment of guilty of a lesser and included offense if the evidence is found insufficient under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). See State v. Hearold, 603 So.2d 731, 734 (La.1992).
The standard for reviewing a claim of insufficient evidence is whether, after viewing the evidence in the light most favorable to the prosecutor, a rational trier of fact could have found the essential elements of the offense proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. at 318-19, 99 S.Ct. at 2789; State v. Rosiere, 488 So.2d 965 (La.1986). The reviewing court is to consider the record as a whole and not just the evidence most favorable to the prosecution; and, if rational triers of fact could disagree as to the interpretation of the evidence, the rational decision to convict should be upheld. State v. Mussall, 523 So.2d 1305 (1988).
When a conviction is based on circumstantial evidence, such evidence must exclude every reasonable hypothesis of innocence. La.Rev.Stat.Ann. § 15:438 (West 1992); State v. Camp, 446 So.2d 1207 (La. 1984). This is not a stricter standard of review, but it is an evidentiary guide for the jury when it considers circumstantial evidence. State v. Porretto, 468 So.2d 1142 (La.1985). When circumstantial evidence is sufficient to convict beyond a reasonable doubt and a rational trier of fact reasonably rejects the defendant's hypothesis of innocence, that hypothesis fails; and, unless another hypothesis creates reasonable doubt, the defendant is guilty. State v. Captville, 448 So.2d 676 (La.1984).
To support a conviction for possession of a controlled dangerous substance with intent to distribute, the State must prove that the defendant knowingly and intentionally possessed the contraband and that he did so with the intent to distribute it. La. Rev.Stat.Ann. § 40:967 (West 1992). Specific intent to distribute may be established by proving circumstances surrounding the defendant's possession which give rise to a reasonable inference of intent to distribute. State v. Dickerson, 538 So.2d 1063 (La.App. 4th Cir.1989). Factual circumstances from which such intent can be inferred include: previous distribution by the defendant; the presence of paraphernalia for distribution; possession of an amount sufficient to create a presumption of intent to distribute; and, packaging in a form usually associated with distribution rather than personal use. State v. Hechavarria, 575 So.2d 444, 448 (La.App. 4th Cir.1991).
*1082 In the instant case, twenty pieces of crack were found on the defendant's person. Additionally, the defendant admitted that he sold drugs. Viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have concluded that the defendant had the requisite intent to distribute the cocaine found on his possession. Accordingly, this assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 1
In his first assignment of error, the defendant contends that the trial court erred in finding that the police officers had probable cause to stop and search him. He points to Chenevert's testimony that he could not remember whether defendant was out of breath or sweating or whether defendant was wet from the rain that had been falling.
A police officer has the right to stop a person and investigate conduct when he has a reasonable suspicion that the person is, has been, or is about to be engaged in criminal conduct. La.Code Crim.Proc.Ann. art. 215.1 (West 1991); Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Andrishok, 434 So.2d 389 (La.1983). Reasonable suspicion for an investigatory stop is something less than probable cause; and, it must be determined under the facts of each case whether the officer had sufficient articulable knowledge of particular facts and circumstances to justify an infringement upon an individual's right to be free from governmental interference. State v. Albert, 553 So.2d 967 (La.App. 4th Cir.1989); State v. Smith, 489 So.2d 966 (La.App. 4th Cir. 1986).
The totality of the circumstances must be considered in determining whether reasonable suspicion exists. State v. Belton, 441 So.2d 1195 (La.1983), cert. den. Belton v. Louisiana, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984). An investigative stop must be justified by some objective manifestation that the person stopped is or is about to be engaged in criminal activity or else there must be reasonable grounds to believe that the person is wanted for past criminal conduct. State v. Moreno, 619 So.2d 62, 65 (La.1993).
Under Article 215.1(B), when a law enforcement officer lawfully stops a person for questioning, he may frisk the person's outer clothing for a dangerous weapon; and if the officer reasonably suspects that the person has a dangerous weapon, he may search the person. The officer need not be absolutely certain that the person is armed, but the officer must be warranted in his belief that his safety or that of others is in danger. State v. Lightfoot, 580 So.2d 702 (La.App. 4th Cir.1991).
In the instant case, Officer Chenevert had a reasonable suspicion that defendant had been engaged in criminal conduct, namely a purse snatching. He resembled the man Chenevert had seen running with what appeared to be a purse, and Chenevert found defendant in the same area where he had lost sight of him less than five minutes earlier. Therefore, Officer Chenevert was justified in stopping defendant. Accordingly, this assignment of error is without merit.

ASSIGNMENTS OF ERROR NO. 2 & 3
In his second assignment of error, defendant contends that the trial court erred in admitting other crimes evidence, namely the gun seized from him. By his third assignment of error, he complains about the State's questioning Officer Chenevert about other crimes evidence, namely the purse snatching. Defendant argues that the gun was irrelevant evidence because its probative value was outweighed by the unfair prejudice and confusion it created. He further argues that the reference to the purse snatching was inadmissible "other crimes" evidence, which should have resulted in a mistrial under La. Code Crim.Proc.Ann. art. 770 (West 1981), as well as being irrelevant evidence.
La.Code Evid.Ann. art. 404(B)(1) (West 1994) provides:
B. Other crimes, wrongs, or acts. (1) Except as provided in Article 412, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as *1083 proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding [emphasis added].
The final phrase is a substitute for the term res gestae set forth in former La.Rev.Stat.Ann. §§ 15:447-448[3]. Official Comment (m) to La.Code Evid.Ann. art. 404. It is no longer true that whatever forms part of the res gestae is admissible, and such evidence remains subject to the balancing test of La.Code Evid.Ann. art. 403 (West 1994). Authors' Note (3) to Article 404(B), Handbook on Louisiana Evidence Law, Pugh, Force, Rault and Triche (1994 ed.).
In State v. Mitchell, 572 So.2d 800 (La. App. 4th Cir.1990), writ denied, 576 So.2d 47 (La.1991), this Court, citing Article 404(B)(1), upheld the admissibility of the defendant's assaults and threats to kill the witness to a murder the defendant had committed three to four hours earlier. We stated that the prosecution could not have accurately presented its case without the testimony regarding the defendant's attack on the witness.
In State v. Brewington, 601 So.2d 656 (La. 1992), the Supreme Court held that the defendant's display of crack cocaine and a pistol less than three hours after the murder victim was last seen in his company and less than two hours before her death formed an inseparable part of the State's circumstantial evidence linking the defendant to the shooting. The court stated that it had previously approved the admission of other crimes evidence when it was related and intertwined with the charged offense to such an extent that the State could not have accurately presented its case without reference to it. The court further stated that the purpose served by the admission of such evidence was not to depict the defendant as a bad man but to complete the story of the crime on trial by showing it in the context of happenings near in time and place. Additionally, the court also stated that evidence of the other crimes did not affect the accused's character because if the acts were done, they were done as parts of a whole; thus, the trier of fact would attribute all or none of the criminal conduct to the defendant.
In the instant case, the possession of the gun and the purse snatching were an integral part of the act or transaction for which defendant was being tried. The events were very close in time and place, and the State could not have accurately or logically presented its case against defendant without showing how and why the police came to arrest him and find the cocaine as a consequence. Accordingly, this assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 4
Defendant contends that he received ineffective assistance of counsel when his trial counsel failed to request a mistrial after the State improperly referred to the purse snatching and to the gun seized from defendant.
Generally, the issue of ineffective assistance of counsel is raised by an application for post-conviction relief; but, the claim can be addressed on appeal if the record contains the necessary evidence to evaluate the merits of the claim. State v. Seiss, 428 So.2d 444 (La.1983); State v. Kelly, 92-2446 (La.App. 4th Cir. 7/8/94), 639 So.2d 888. Because the present record contains the necessary evidence, we can dispose of the claim of ineffective assistance based on counsel's failure to move for a mistrial.
There is no merit to defendant's claim of ineffective assistance of counsel because his trial counsel had no basis on which to move for a mistrial. The trial court correctly admitted both the testimony related to the purse snatching and the gun found on defendant's person under La.Code Evid.Ann. art. 404(B)(1) as discussed above. Therefore, this assignment of error is without merit.
For the foregoing reasons, defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] As to the first count, defendant pleaded guilty pursuant to State v. Crosby, 338 So.2d 584 (La. 1976); and, he was sentenced to serve five (5) years at hard labor without benefit of probation, parole, or suspension of sentence to run concurrently with his sentence on the second count. This conviction was affirmed by this court. State v. Smith, 605 So.2d 6 (La.App. 4th Cir.1992).
[2] At the defendant's motion to suppress hearing. Officer Chenevert testified that after he arrested the defendant they returned to the fast-food restaurant where the victim, Ms. West, and her boyfriend identified Smith as the man who stole her purse a short time earlier. The purse was never found.
[3] Repealed by Acts 1988, No. 515, § 8, eff. Jan. 1, 1989.