|,WALTZER, Judge.
The prosecution comes before this court seeking relief from the trial court’s ruling granting Garner’s motion in limine to prohibit the introduction of evidence of hand-to-hand sales which allegedly occurred just pri- or to the defendant’s arrest for the charge in this case.

STATEMENT OF THE CASE

On 4 October 1996, Davontrel Gamer, Tyshaica Bass, and Paul Williams were each charged with one count of possession with the intent to distribute cocaine. Although Williams eventually tendered an Alford plea, the other two defendants have pled not guilty to the charge. Garner’s counsel filed a motion in limine to prohibit the introduction of evidence of hand-to-hand sales which motion was granted on 27 February 1997.

BACKGROUND FACTS

Sergeant Hessler testified at the combined preliminary hearing and motion to suppress on 7 November 1996. The court considered only the probable cause and motion to suppress pertaining to the defendants Bass and Garner. The testimony shows that on 13 July 1996 Hessler, together with other officers, ^conducted a surveillance with a focus on 1321 and 1323 Ferry Place. At 6:50 p.m. he saw a car approach 1321 Ferry Place, then make the block and drive up to 1321 Ferry Place once more. Within seconds out of the alley between 1321 and 1323 a subject appeared, who had a “hand transaction” with another person. Hessler testified that this person counted money and placed it into his pocket; he identified that person as Paul Williams.
After loitering in front of 1321 for a while, Ms. Bass and Mr. Gamer came out of the residence and spoke to Mr. Williams. Ten minutes later, Hessler saw a man walk up in front of 1321 and spoke to Williams, Bass and Gamer. Gamer went into the alleyway of 1321 Ferry Place. Williams was observed to place money he had received from the subject into his pocket, after handing a small *536 object to the passer-by. The alley Hessler observed was the same alley in which Hes-sler had observed Williams at 6:50 p.m. Twenty minutes later, Hessler observed Garner across a vacant lot, enter the alley, come out and engage in a hand to hand transaction with a female who was waiting with Ms. Bass on the porch of 1321 Ferry Place. Five minutes later, Hessler saw a male walk up to 1321 Ferry Place and knock. Seconds later Gamer came out with the man; Garner went to the alley once more. Hessler further testified that he was able to see Gamer go into the alley and bend down under a pillar at 1323 Ferry opposite 1321. The male subject received a small object and left. Based on these observations, Hessler believed that Garner sold drags after retrieving them from the observed location at 1323 Ferry Place. Twenty minutes later Garner, this time on a bicycle, was observed speaking with a female, reaching into the same spot where he had reached before. Once the police appeared, Gamer, Williams and Bass were arrested. Hessler retrieved approximately one-half ounce of crack | ¡¡cocaine in two individual bags from underneath the pillar at 1323 Ferry Place, in the exact place where Gamer had been observed retrieving small items just minutes before. At the conclusion of the hearing the court bound Gamer over for trial, found no probable cause in regards to Bass and denied the motion to suppress the evidence.

DISCUSSION AND ANALYSIS

The trial court granted Garner’s motion in limine to exclude the evidence of hand to hand transactions, because the defendants had not been charged with distribution, but rather with possession with intent to distribute cocaine. The State argues that this evidence is an “integral” part of the crime charged, and a necessary link to establish “intent” to distribute the cocaine found under the house at 1323 Ferry Place.
In State v. Hearold, 603 So.2d 731 (La.1992) and State v. House, 325 So.2d 222 (La.1975) our Supreme Court listed factors to determine the intent to distribute, and one of these factors is “whether the defendant ever distributed or attempted to distribute the drag”. Hearold, 603 So.2d at 735. LSA-La.C.E. art. 404(B) provides in part: “Except as provided in Article 412 [not applicable here], evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as ... when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.” Other crimes evidence has been approved for admission when it is related and intertwined with the charged offense to such an extent that the State could not have accurately presented its case without reference to it. State v. Boyd, 359 So.2d 931, 942 (La.1978); State v. Clift, 339 So.2d 755, 760 (La.1976). State v. Brewington, 601 So.2d 656 (La.1992) informs that other crimes evidence is admissible, when the purpose for its admission is not to depict the defendant as a bad person, but rather to complete the story of the crime on trial by proving its immediate context of happenings near in time and place. In State v. Allen, 94-2262 (La.11/13/95), 663 So.2d 686, the defendant was charged with arson with intent to defraud on 2 May, and evidence of the defendant’s attempt to torch his own house on 1 May was found to be an integral part of the crime charged. Evidence of purse snatching by a defendant which precipitated chase and capture of the defendant was admissible as an integral part of charges of possession of cocaine with intent to distribute and of possession of a firearm by a convicted felon, where a gun and cocaine were found on defendant’s person when officers apprehended him. State v. Smith, 94-1502 (La.App.4th Cir.1/19/95), 649 So.2d 1078.
In the instant case the observed transactions are not only close in time, i.e. at 6:50, 7:00, 7:20, 7:25 and 7:45 p.m. on 13 July 1996, but all the transactions had the same distribution center at 1323 Ferry Place, utilized by the defendant. Because of the close connection in time and location, the possession with the intent to distribute the cocaine will have the requisite connexity only when all relevant and admissible evidence about the prior actions of the defendants are admitted.
*537 |B CONCLUSION
The trial court erred by granting the motion in limine. Although the State did not charge the defendants with the distribution to the alleged buyers, evidence of these transactions are needed to show the defendants’ intent to distribute the cocaine which was found under the house. These transactions are an integral part of the crime charged and as such are admissible under LSA-La.C.E.art. 404(B).

THE APPLICATION FOR SUPERVISORY WRITS IS GRANTED AND THE RULING OF THE TRIAL COURT ON THE MOTION IN LIMINE IS REVERSED.

JONES, J., concurs in the result.