BAGNERIS, J.,
dissenting with reasons.
I respectfully dissent from the majority opinion. The laws and jurisprudence of Louisiana allows a police officer to conduct an investigatory stop, if the officer has a reasonable suspicion that the person is committing, has committed, or is about to commit an offense. La.Code Crim. Proc. Ann. Art. 215.1. While “reasonable suspicion” is something less than probable cause needed for arrest, it must be based upon particular articulable facts and circumstances known to the officer at the time the individual is approached. State v. Smith, 94-1502, p. 4 (La.App.4th Cir.1/19/95), 649 So.2d 1078, 1082. Thus, I agree with the majority opinion as it relates to the investigatory stop initially made by the police officers. However, I disagree with the majority that the frisk of the defendant was valid.
*934 LSA-C.Cr.P. Art. 215.1 provides for a limited frisk for weapons during an investigatory stop:
When a law enforcement officer has stopped a person for questioning pursuant to this article, and reasonably suspects that he is in danger, he may frisk the outer clothing of such person for a dangerous weapon. If the law enforcement officers reasonably suspect the person possesses a dangerous weapon, he may search the person.
Ijn the instant case, the defendant was observed engaged in suspicious activities with another male. The Police Officers proceeded to frisk the defendant and discovered the cocaine in the defendant’s hand.
The decision to frisk the defendant was based on speculation not a reasonable suspicion that the officer may be in danger. The Police Officer testified that “because alot of times you have-when you have narcotics-I mean when you dealing with narcotics there are a lot of weapons involved.” So he decided to pat down the defendant to make sure he was not armed or anything.
After careful review. It is my opinion that the frisk of the defendant was illegal, and the contraband discovered by the police officers should have been suppressed. Thus, I find the trial court’s ruling was correct and this writ should be denied.