757 So.2d 851 (2000)
STATE of Louisiana
v.
Bryan K. BAZILE.
No. 99-KA-1821.
Court of Appeal of Louisiana, Fourth Circuit.
March 15, 2000.
*853 Harry F. Connick, District Attorney of Orleans Parish, William L. Jones, III, Assistant District Attorney, New Orleans, LA, Counsel for Plaintiff.
Laura Pavy, Louisiana Appellate Project, New Orleans, LA, Counsel for Defendant.
(Court composed of Judge MIRIAM G. WALTZER, Judge MOON LANDRIEU and Judge DENNIS R. BAGNERIS, Sr.)
WALTZER, Judge.

STATEMENT OF THE CASE
Defendant, Bryan Bazile, was charged by bill of information on 10 December 1998 with possession of heroin, a felony violation of La.R.S. 40:966(C)(1) and a second count of possession of cocaine. He pled not guilty at his arraignment on 15 December 1998. After a hearing on 14 January 1999, the court found probable cause and denied a defense motion to suppress evidence and set the matter for trial on 23 February 1999. The trial was continued to 17 March 1999 at the request of defense counsel. After trial on the merits, a jury found defendant guilty as charged on both counts. On 31 March 1999, defendant was sentence to serve concurrent sentences of four years on count one and two years on count two, with credit for time served.
The State filed a multiple bill, alleging defendant was a multiple offender, being the same person who pled guilty on 23 August 1993 to the crime of distribution of crack cocaine (a violation of La.R.S. 40:976 B1), and who pled guilty on 29 April 1993 to the crime of being an attempted felon in possession of a firearm (a violation of La.R.S. 14:(27)95.1). After trial, defense counsel, on behalf of Bazile, denied that he was the same individual referred to in these prior felony convictions. The trial court found the State had met its burden under La.R.S. 15:529.1, and defendant pled guilty as charged to the multiple bill. The court found a factual basis for the plea and ordered the plea of guilty recorded as a triple offender. Defendant waived legal delays and chose immediate imposition of sentence. The trial court sentenced defendant as a triple offender under La. R.S. 15:529.1 to serve a life sentence with credit for time served. The previous sentence was vacated.

REVIEW OF THE RECORD AND TESTIMONY
New Orleans Police Department Officer Travis McCabe testified that on 24 October 1998 he was assigned to the Special Operations Division Tactical Unit One, working with Officer Warren Keller and accompanied in a second police car by Officers Eric Gillard and Michael Crawford. Officer McCabe was in a marked police car being driven by Officer Keller *854 and was dressed in NOPD's tactical uniform, a T-shirt with NOPD badge and gun belt displayed. At about 10 in the evening, the officers were assigned to pro-active patrol in the First Police District in response to increased drug-related criminal activity. The police had received "hot-line" complaints of high traffic in narcotics in the 2800 block of St. Ann Street. Officer McCabe testified that he has made several hundred narcotics arrests over the course of his career, with at least eight or ten arrests in that particular block.
As the officer was driving on North Dupre Street and approached St. Ann Street, he observed that the area was well-lit by street lights. He noticed Bazile attempting to flag down a small, dark vehicle. In Officer McCabe's experience, drug traffickers commonly flag down vehicular traffic to facilitate a quick retail street level sale. As the vehicle was approaching, it slowed, but Bazile abruptly stopped flagging it down when he noticed the police car. The car had not slowed sufficiently for Bazile and the occupant to have a conversation or to take part in a drug transaction. Bazile "very furtively" turned and began to walk away. As he walked, he placed his left hand in his pocket and "very furtively" looked over his right shoulder to, in the officer's belief, determine where the police were and whether they were alerted to Bazile's activity. On cross-examination, Officer McCabe testified that it was this furtive behavior that ripened the officers'"heightened awareness" into suspicion.
Officer Keller pulled along side Bazile, had the window partially rolled down and said, "Hey, come here a minute." Bazile turned toward the police as Officer Keller was getting out, and he removed his left hand from his pocket and held his left hand out to the side. An object fell from his hand to the sidewalk. There was no trash or litter within the immediate area. Once Officer McCabe saw this, he knew Bazile had discarded something he did not want the police to find. Officer Keller recovered a small plastic bag Bazile had discarded, and it was discovered to contain a single piece of crack cocaine.
Officer Keller told Officer McCabe of the discovery of the bag of drugs, whereupon Officer McCabe advised Bazile of his rights and placed him under arrest. During a search incident to the arrest, the officer found a foil packet of white powder which he believed to be heroin. He again advised Bazile of his rights and placed him under arrest. At the time of his arrest, Bazile was combative, belligerent and refused to give his proper identification. Officer McCabe was the only witness at the Suppression Motion Hearing.
At trial, Officer McCabe explained that narcotics dealers only keep one piece of contraband on them in order to avoid being robbed by criminals. This also enables them, if apprehended by the police, to discard the drugs without their being seen, eat them, destroy them or chew them up. They can hide a single piece of contraband in a shoe or in the seam of clothing. Officer McCabe's trial testimony was essentially the same as that given at the Suppression Motion Hearing.
Officer Warren Keller, Jr. testified similarly. Both he and Officer McCabe identified Bazile as the person they arrested on 24 October 1998. Neither he nor Officer McCabe detained anyone else in connection with Bazile's arrest. Both officers testified that a search of the immediate area for guns and contraband was made but that nothing additional was recovered.
The parties stipulated that the recovered materials tested positive for crack cocaine and heroin.
The defense called Thomas Taylor, who testified that he was with Bazile on the night of the arrest. According to Taylor, at seven o'clock he and Bazile were coming from a store. As they reached Dumaine and Dupre Streets, two police cars had pulled up to the corner. Bazile sat on a step at the corner; one police car went to Bazile and one stopped Taylor. Taylor *855 testified that the police handcuffed him and put him in the car and handcuffed and searched Bazile. He and Bazile were placed in separate police cars. According to Taylor, the police told him they were arresting Bazile because there were drugs in an abandoned car parked nearby. He claimed the police were "searching the ladies son's car with no proper cause" and did not find drugs on Bazile.
The State called Officer Michael Crawford in rebuttal. Officer Crawford refuted Taylor's story, and he denied that his unit had questioned, handcuffed or placed anyone in their police car the night of the arrest.
At the multiple bill hearing, the trial judge said:
At this time I am going to vacate the original sentence and under the law impose the sentence that is mandated by the statute which is life imprisonment without probation, parole or suspension of sentence. Under the statute that is the only thing I can do.... As a triple offender. Under 930.8, sir, there is a three year post conviction relief prescriptive period. I am very sorry. I wish there is something I could do, but the law mandates certain things that I can do. I have no discretion. If you want to say something that's fine. I know this is a very difficult time.... Because you are a triple offender, but you really have more convictions than that but one of the predicate offenses involved a weapon as well as possession of heroine [sic], the law mandates that if you are convicted for a third time with certain offenses, then the minimum sentence is life. I don't have a choice.
The following information is in the record:
# 364-618: 24 May 1993: bill of information charging distribution of Cocaine (crack); 23 August 1993 waiver of constitutional rights plea of guilty to distribution of crack cocaine; Docket Master; 23 August 1993 Minute Entry of guilty plea and sentence;
# 364-639: 24 May 1993 arrest register showing arrest for distribution of crack cocaine, resisting arrest, refusing to give his name to police officer and two counts of battery on a police officer; 22 July 1993 bill of information charging battery on a police officer and resisting an officer; Docket Master; Minute Entry of guilty pleas and sentence on both counts;
20 February 1991 arrest register showing arrest for distribution of crack cocaine and resisting arrest; bill of information charging distribution of crack cocaine on 20 December 1990;
# 349-156 bill of information charging distribution of crack cocaine on 29 January 1991; guilty plea form dated 28 June 1991; Docket Master; minute entry showing plea of guilty and sentencing on 28 June 1991; Minute Entry of 15 June 1993 showing court order revoking parole;
# 354-807 arrest register of 24 January 1992 showing arrest for illegal carrying of a weapon and resisting arrest; bill of information charging attempted possession of a firearm by a convicted felon; 29 April 1993 waiver of constitutional rights plea of guilty form; Docket Master; Minute Entry showing plea of guilty and sentence.

ERRORS PATENT
A review of the record for errors patent indicates that the State joined, in the bill of information and for trial, offenses which are not triable by the same mode of trial. Bazile was charged in count one with possession of heroin, punishable by imprisonment of no less than four years and no more than ten years at hard labor without benefit of probation or suspension of sentence. La. R.S. 40:966(C)(1). Bazile was charged in count two with the possession of cocaine, punishable by imprisonment of no more than five years with or without hard labor. La. R.S. 40:967(C)(2).
La.C.Cr.P. art. 782 provides that cases in which the punishment is necessarily confinement at hard labor shall be tried by *856 a jury of twelve, ten of whom must concur to render a verdict, and cases in which the punishment may be confinement at hard labor shall be tried by a jury of six, all of whom must concur to render a verdict.
However, La.C.Cr.P. art. 493.2 provides that offenses in which the punishment is necessarily confinement at hard labor and offenses in which the punishment may be confinement at hard labor may be joined in the same indictment or information and joined for trial, provided that the joined offenses are of the same or similar character or are based on the same act or transaction. The instant offenses are of similar character, the illegal possession of controlled dangerous substances, and are based on the same act or transaction, the simultaneous possession of two different controlled substances. Accordingly, the offenses were properly joined in the bill of information and for trial.
Art. 493.2 further provides that, where offenses are so joined, the trial shall be by a jury of twelve, ten of whom must concur to render a verdict. The defendant was properly tried by a twelve-person jury.
The errors patent review further indicates that the district court failed to note which sentence was vacated and replaced with the multiple bill sentence. However, the State noted only the heroin offense as the instant offense in the multiple bill of information. Furthermore, the State specified at the hearing that Bazile was multiple billed on the heroin conviction. Accordingly, the record is sufficient to clearly establish that Bazile was properly resentenced to life imprisonment as a third offender on only the heroin count.
Bazile notes, as a patent error, that the trial court failed to give credit for time served when it imposed the sentence. La. C.Cr.P. art. 880 was amended by the legislature in 1997 to provide that a defendant "shall receive" credit toward service of his sentence for time spent in actual custody. Accordingly, an appellant now receives credit for time served by operation of law. It need not be ordered by the sentencing court.
Considering the above, there were no errors patent.

FIRST ASSIGNMENT OF ERROR: The trial court erroneously denied the motion to suppress evidence.
Bazile argues that the trial court erred in denying his motion to suppress evidence. As provided in La.C.Cr.P. art. 215.1:
A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions.
Reasonable suspicion is something less than the probable cause required for an arrest, and the reviewing court must look to the facts and circumstances of each case to determine whether the detaining officer had sufficient facts within his knowledge to justify an infringement of the suspect's rights. State v. Keller, 403 So.2d 693 (La.1981). An investigatory stop is a "seizure" that must be justified by some objective manifestation that the person is or is about to be involved in criminal activity. The detaining officers must have knowledge of specific, articulable facts which, if taken together with rational inferences from those facts, reasonably warrant the stop. State v. Flowers, 441 So.2d 707 (La.1983), cert. denied, 466 U.S. 945, 104 S.Ct. 1931, 80 L.Ed.2d 476 (1984); State v. Gervais, 546 So.2d 215 (La.App. 4 Cir.1989).
Flight, even to avoid apprehension, does not provide reasonable cause unless combined with other information which indicates to the officer that the circumstances of the defendant are not consistent with any innocent pursuit. State v. Hathaway, 411 So.2d 1074 (La.1982). However, flight is highly suspicious behavior and may lead to reasonable cause to detain. State v. Belton, 441 So.2d 1195 (La.1983). The reputation of an area is *857 also an articulable fact upon which an officer can rely and which is relevant in the determination of reasonable suspicion. State v. Richardson, 575 So.2d 421 (La. App. 4 Cir.1991), writ denied, 578 So.2d 131 (La.1991).
In the instant case, the arresting officers were patrolling an area from which there had been citizen complaints of drug activity. They observed Bazile attempting to flag down a vehicle. They observed the driver touch his brakes momentarily as if to stop. When Bazile observed the two marked police units, he began to walk away, looking over his shoulder at the police units. From these observations, the officers had reasonable suspicion for an investigatory stop prior to Bazile's discard of the cocaine. The cocaine was thus properly admitted. The heroin was also properly admitted, as it was retrieved in the search incident to Bazile's arrest on the cocaine charge.
This assignment is without merit.

SECOND ASSIGNMENT OF ERROR: The sentence is constitutionally excessive.
Bazile avers that his sentence of life imprisonment is excessive, constituting cruel and unusual punishment. Although defense counsel made no oral or formal written motion for reconsideration, Bazile complained about the length of his sentence at the conclusion of the sentencing, and in a pro se letter to the court one week later. The issue of excessiveness was thus preserved for appellate review.
La. R.S. 15:529.1 A(1)(b)(ii) provides for a mandatory sentence of life imprisonment at hard labor without benefit of probation, parole, or suspension of sentence, if the third felony or either of the two prior felonies is defined as a crime of violence or is a violation of the Controlled Dangerous Substances Law punishable by more than five years, or any other crime punishable by more than twelve years. In this case, both the instant offense, possession of heroin, and one of the predicate felonies, distribution of cocaine, mandate a life sentence upon adjudication as a triple offender.
Bazile argues that, under State v. Dorthey, 623 So.2d 1276 (La.1993), the trial court should have exercised its judicial discretion in finding that the sentence was unconstitutionally excessive under the circumstances of this case.
An appellate court reviews sentences for constitutional excessiveness under La. Const. Art. I, § 20. A sentence is constitutionally excessive it if makes no measurable contribution to acceptable goals of punishment or is the purposeless imposition of pain and suffering and is grossly out of proportion to the severity of the crime. Courts have the power to declare a sentence excessive even if it falls within the statutory limits. State v. Sepulvado, 367 So.2d 762 (La.1979). The trial court has the authority to reduce a mandatory minimum sentence provided by the multiple offender statute for a particular offense and offender if the sentence would be constitutionally excessive. State v. Pollard, 93-0660 (La.10/20/94), 644 So.2d 370. Because the Habitual Offender Law has been held constitutional, the minimum sentences it imposes upon multiple offenders are presumed to be constitutional. State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672. To rebut the presumption of constitutionality, the defendant must clearly and convincingly show that he is exceptional in that, because of unusual circumstances, the defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case. State v. Young, 94-1636 (La.App. 4 Cir. 10/26/95), 663 So.2d 525, 531, writ denied, 95-3010 (La.3/22/96), 669 So.2d 1223.
Bazile argues that the trial court's language indicated that it would have imposed a lesser sentence if the statute had not mandated a life sentence.
The appellate record contains complete documentation proving Bazile's status as a *858 third offender. Those documents indicate that on 28 June 1991, Bazile pled guilty to three counts of distribution of cocaine. On 24 January 1992, Bazile pled guilty to the reduced charge of attempted possession of a firearm by a felon. On 23 August 1993, Bazile pled guilty to distribution of cocaine. That same date, Bazile pled guilty to resisting arrest and battery upon a police officer. On 24 October 1998, Bazile committed the instant offenses.
In his letter to the court, Bazile advised that he had two young daughters, admitted that he made his living selling drugs, and asked for the opportunity to turn his life around.
Considering Bazile's criminal history, his case is not so exceptional that a departure from the mandatory life sentence is warranted. There is no showing that he has attempted to or succeeded in obtaining skills that would prepare him for a productive life in the New Orleans community. The record shows that Bazile is the sort of dangerous felon, a career drug dealer who possesses a firearm, that the multiple offender statute was designed to remove from society. This assignment is without merit.

CONCLUSION
The convictions and sentences are affirmed.
AFFIRMED.