I,Judge MIRIAM G. WALTZER.
The defendant, Torrie Harris, pled guilty to the charge of possession of cocaine. He appeals arguing that the trial court erred in failing to suppress the evidence and statement following an investigatory stop.

STATEMENT OF THE CASE

By bill of information filed 19 February 1999, Harris was charged with possession of crack. He entered a not guilty plea on 16 March 1999. A preliminary hearing and a hearing on the motions to suppress the statement and evidence were held on 23 March 1999. The district court found probable cause and denied the motions to suppress. On 29 March 1999, Harris entered a guilty plea as charged pursuant to State v. Crosby, 338 So.2d 584 (La.1976), and a presentence investigation was ordered. He received a five-year suspended sentence on 1 June 1999, and the district court placed him on five years of active probation with special conditions. Harris’ motion to reconsider the sentence was denied.

STATEMENT OF THE FACTS

At the motions hearing, Sergeant Selby testified that on 2 February 1999 at approximately 8:45 in the morning, he and his partner were approaching the corner Uof Caffin and North Johnson Streets in a marked police vehicle. There, they observed Harris hand something to a female. When the two saw the police car, Harris and the female walked in opposite directions.
Because the area was well known for drug trafficking and based on his experience as a twenty-four-year veteran of the police force, Sergeant Selby believed that he and his partner had just interrupted a drug transaction. They decided to investigate and were successful in stopping Harris. As the officers started to exit the *1085 vehicle, Harris ran. The partner chased him on foot while Sergeant Selby followed in the police car. Eventually, Sergeant Selby also exited the vehicle and chased Harris on foot. When he attempted to grab Harris, he was shoved away. Harris then removed something from his mouth and threw it over a fence. Officer Selby believed that the substance thrown was cocaine. Harris was then subdued. After being arrested and advised of his rights, Harris admitted throwing cocaine over the fence.

ERRORS PATENT

A review of the record for errors patent reveals that there are none.

DISCUSSION

By his sole assignment of error, Harris asserts that the cocaine and statement should have been suppressed because the officers were unjustified in conducting an investigatory stop. Specifically, he asserts that his handing something to a female in an area known for drug trafficking and then the two of them walking in opposite directions upon observing a police vehicle does not establish reasonable suspicion.
In State v. Sneed, 95-2326, p. 3 (La.App. 4 Cir. 9/11/96), 680 So.2d 1237, 1238, this court described the standard to support an investigatory stop:
An individual may be stopped and questioned by 13police if the officer has a reasonable suspicion that the person “is committing, has committed, or is about to commit an offense.” La.Code Crim. Proc. Ann. art. 215.1. While “reasonable suspicion” is something less than the probable cause needed for an arrest, it must be based upon particular articu-lable facts and circumstances known to the officer at the time the individual is approached. State v. Smith, 94-1502, p. 4 (La.App. 4 Cir. 1/19/95), 649 So.2d 1078, 1082. The officer’s past experience, training and common sense may be considered in determining if the inferences drawn from the facts presented were reasonable. State v. Jackson, 26,138 (La.App. 2 Cir. 8/17/94), 641 So.2d 1081, 1084.
See also State v. Smiley, 99-0065 (La.App. 4 Cir. 3/3/99), 729 So.2d 743; State v. Allen, 95-1754 (La.9/5/96), 682 So.2d 713.
Flight from police officers alone will not provide justification for a stop. This activity, however, is highly suspicious and, therefore, may be one of the factors leading to a finding of reasonable cause. State v. Belton, 441 So.2d 1195 (La.1983).
Here, Harris argues that reasonable suspicion is absent because he did not flee from the officers until after a stop had already been made. He essentially argues that walking in opposite directions upon observing a police vehicle does not constitute flight. He further argues that he did not act furtively.
In State v. Bazile, 99-1821 (La.App. 4 Cir. 3/29/00), 757 So.2d 851, this court found reasonable suspicion for an investigatory stop after officers saw the defendant attempting to flag down passing motorists. Upon seeing the officers, the defendant abruptly stopped, furtively looked around and began walking away. As he walked away, the defendant put his hand in his pocket and furtively looked over his right shoulder toward the officers.
Although no specific testimony was presented here that Harris acted furtively, his actions upon seeing the police vehicle rightfully heightened the officers’ suspicions.
In State v. Hall, 99-2887 (La.App. 4 Cir. 10/4/00), 775 So.2d 52, officers investigating an anonymous tip of drug activity at a particular location arrived at the scene to observe the defendant standing on a porch *1086 with his hand outstretched toward a female on the ground. The female had currency in her hand. The two individuals retracted their respective hands at the sight of the officers. The female turned and walked away; the defendant turned and “quickly” walked into a hallway. This court found on those facts that the officers had reasonable suspicion.
Compare also the facts of State v. Washington, 99-1111 (La.App.4, Cir.3/21/01), 788 So.2d 477. In Washington, a uniformed officer on his way to work initially observed thé defendant in a high narcotics area engage in suspicious behavior. He was leaning into the passenger-side window of a parked vehicle. As the officer drew near, the defendant looked at him, appeared startled, and immediately walked to a nearby grocery store. Some two hours later, the officer and his partner observed the defendant and a companion near the same location. The defendant was attempting to hand his companion something, and the officer testified that he felt he was observing a narcotics transaction. Upon seeing the officers defendant appeared startled, balled up his hand, and began walking back in the direction of the parked vehicle and grocery store. The companion walked in the opposite direction. In finding that the reasonable suspicion existed, this court noted among other things that the defendant took flight by walking on the two separate occasions that police startled him.
The facts of this case are somewhat similar to the facts in both Hall and Washington. Although defendant’s female companion was not observed with cash in her hand, Officer Selby testified that in his experience, he felt that he and his partner had just interrupted a narcotics transaction. As in Washington, Harris and |fihis companion walked in opposite directions upon seeing the police vehicle. The district court is vested with great discretion when ruling on a motion to suppress. State v. Scull, 93-2360 (La.App. 4 Cir. 6/30/94), 639 So.2d 1239. The district court did not abuse its discretion by denying Harris’ motions.

CONCLUSION

For the above reasons, we affirm the trial court’s order denying Harris’ motions to suppress.
AFFIRMED.