EDWIN A. LOMBARD, Judge.
 

 | [The defendant, Kevin Lawrence, appeals his conviction for two counts of simple burglary and one count of attempted simple burglary in violation of La.Rev.Stat. 14:62 and La. Rev. State. 14:(27)62. After review of the record in light of the applicable law and arguments of the parties, we affirm the defendant’s conviction and sentence.
 

 Relevant Facts and Procedural History
 

 The defendant was charged by bill of information on May 25, 2006, with four counts of simple burglary of a vehicle, three counts of attempted simple burglary of a vehicle, and one count of possessing or receiving a stolen vehicle. He was never arraigned, but after dismissal of some of the charges, a jury of six persons found him guilty of the remaining two counts of simple burglary and one count of attempted simple burglary on May 8, 2008. The defendant was initially sentenced to twelve years on the two counts of simple burglary and six years on the attempted burglary charge. The State filed a multiple bill, the defendant pleaded guilty to being a second offender on January 8, 2008, and the original sentence was vacated. According to the sentencing transcript, the trial court then sentenced the ^defendant to serve six years on count 1 (the attempted simple burglary) with credit for time served; on counts 2 and 3 (the simple burglary verdicts) the trial court sentenced the defendant to serve nine years each, again with credit for time served. These sentences are to run concurrent to each other and to the attempted burglary sentence. After a May 21, 2008, hearing on the defendant’s motion to reconsider sentence, the trial court denied the motion.
 

 Assignment of Error
 

 In his only assignment of error, the defendant argues that the evidence is insufficient to support his conviction. In assessing the sufficiency of evidence to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged.
 
 Jackson v. Virginia,
 
 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979);
 
 State v. Jacobs,
 
 504 So.2d 817 (La.
 
 *914
 
 1987). Specifically, this court must consider the record as a whole and, if rational triers of fact could disagree as to the interpretation of the evidence, the rational decision to convict should be upheld.
 
 State v. Smith,
 
 94-1502, p. 2 (La.App. 4 Cir. 1/19/95), 649 So.2d 1078, 1081.
 

 Pertinent to this case, the essential elements of La.Rev.Stat. 14:62 and 14:60 are unauthorized entry into a vehicle with the intent to commit a felony or any theft therein or, respectively, the specific intent to commit a crime and an act or omission of an act for the purpose of and tending towards the accomplishment of this object.
 

 The following evidence was adduced at trial. On the night of June 20, 2005, Detective Michael Sam of the New Orleans Police Department (NOPD) received a call from police dispatch regarding vehicle burglaries being observed in progress in | nthe 6900 Block of Catina Street, New Orleans, Louisiana. According to the dispatcher, a white male wearing a hat, a blue shirt and shorts had been seen burglarizing cars. Detective Sam immediately traveled to the 6900 block of Catina Street, in full uniform while driving an unmarked car, and observed and arrested the defendant, who met the description and was the only person on the street at that hour.
 

 Detective Sam then met separately with Edward Philips and Robert Turner who each told him that they would be able to identify the person they saw breaking into cars that night. Separate field identifications were conducted and both victims positively identified the defendant. According to Detective Sam, despite the fact that the defendant is African-American, neither victim hesitated in identifying him as the person they witnessed breaking into the cars. When questioned as to the discrepancy in the ethnicity described in the original dispatch and his arrest of the defendant, Detective Same testified that both witnesses identified the defendant, that he was wearing the clothing described in the dispatch, and that while the defendant was not “white,” he was “very light complected” and could easily be mistaken for a white male.
 

 After arresting the defendant, the detective inspected a Ford Ranger belonging to Philips and confirmed that the vehicle had been rummaged through, as had a Toyota 4Runner which belonged to Rebecca Mooney. He further discovered that the locking mechanism of a Chevrolet Tahoe that belonged to Turner had been damaged. In addition, Detective Sam found a vehicle registration card and a cell phone approximately five yards from the spot where he detained the defendant.
 

 |4Philips testified that on June 20, 2005, he was living at Catina and Walker Streets in the Lakeview District of New Orleans and owned a black Ford pickup truck. At approximately 1:00 A.M., Philips went outside to smoke a cigarette and observed someone, later identified as the defendant, inside his truck parked approximately twenty yards away. He immediately called 911 and remained on the phone as he watched the defendant break into other vehicles. Philips testified that he continued to watch the defendant move from vehicle to vehicle until the police arrived. When questioned about the disparity between the reported ethnicity and the actual ethnicity of the burglar, Philips stated that the burglar was wearing a baseball cap, that there was “orange lighting” in the area, and that he was uncertain at the time of the 911 call as to the ethnicity of the burglar. Philips asserted, however, that the defendant was the only person on the street that night and that he accurately described the burglar’s clothes as he broke into cars and was able to positively identify the defendant during the identification procedure as the person who broke
 
 *915
 
 into his car. Finally, Philips testified that he never gave permission for the appellant to enter his vehicle.
 

 Turner testified that in June 2005, he and Philips were roommates and that he had a 1999 conviction for attempted possession of LSD. On the night of June 20, 2005, Turner was on the balcony with Philips when he observed a person, later identified as the defendant, burglarizing his roommate’s vehicle and then attempt to enter his own (Turner’s) vehicle. Turner watched as the defendant entered and sat in a SUV further down the block and then, shortly after the defendant exited the SUV, observed the police arrive and arrest the defendant. Turner testified that when he was asked by the officer as to whether he could identify the person now in custody as the person he saw breaking into vehicles, he stated that he was able to |,-,positively identify the defendant because the defendant was the only person on the street that night, because he was able to recognize the defendant’s build, and because the clothes the defendant was wearing were the same clothes that he wore when he was observed breaking into vehicles.
 

 Ms. Mooney testified that on June 20, 2005, she was living in Lakeview and owned a 2004 Toyota 4Runner which was parked on Catina Street and the following morning she discovered all the contents of her glove compartment and console on the front seat. She testified that she left the doors unlocked but gave no one permission to enter the vehicle.
 

 The defendant argues that this evidence is insufficient to sustain his conviction because of the irreconcilable conflict between the initial dispatch report that the burglaries were being committed by a white man and the fact that he is African-American. The initial misidentification of the perpetrator’s ethnicity in the dispatch report does not of itself undermine the validity of the defendant’s conviction. In this case, the defendant was in the courtroom and, apparently, the jury found it credible that the initial ethnic misidentification was due to his light complexion and the street lighting.
 

 It is axiomatic that credibility determinations are within the sound discretion of the trier of fact and will not be disturbed unless clearly contrary to the evidence. Therefore, “absent internal contradiction or irreconcilable conflict with the physical evidence, a single witness’s testimony, if believed by the fact finder, is sufficient to support a factual conclusion.”
 
 State v. Marshall,
 
 04-3139, p. 9 (La.11/29/06), 943 So.2d 362, 369 (citations omitted). Nothing in the record suggests that jury’s credibility determination was clearly wrong. Philips testified that when he went out on his balcony to smoke a cigarette he observed someone, later | ^identified as the defendant, inside his truck parked approximately twenty yards away. He immediately called 911 and remained on the phone watching the defendant break into other vehicles until the police arrived and arrested him. The other eyewitness, Turner, also testified that he watched from the balcony as a person, later identified as the defendant, burglarized his roommate’s vehicle, attempted to enter his own (Turner’s) vehicle, entered and exited another SUV further down the block, and then was arrested by the police. Both Philips and Turner testified that the defendant was the only person on the street that night and once in custody they were able to identify him because of his build and because he was wearing the same clothes that he had on as they observed him breaking into vehicles. The arresting police officer, after verifying that neither Philips nor Turner hesitated in identifying the defendant as the man they
 
 *916
 
 watched breaking into the vehicles, noted that while the defendant was not of the ethnicity described in the initial dispatch, he was “very light complected” and could easily be mistaken for a white male. Accordingly, we find no merit in the defendant’s assignment of error.
 

 Error’s Patent
 

 A review of the record reveals that the clerk of court incorrectly entered the defendant’s sentences but because the sentencing transcript reflects the correct sentence, this error is harmless.
 
 See State v. Brown,
 
 97-2260 (La.App. 4 Cir. 10/6/99), 746 So.2d 643 (in the event of a conflict between a minute entry and a transcript, the transcript controls).
 

 In addition, a review of the record reveals that the defendant was never arraigned. However, “[a] failure to arraign the defendant or the fact that he did not plead, is waived if the defendant enters upon the trial without objecting thereto, [7and it shall be considered as if he had pleaded not guilty.” La.Code Crim Proc. art. 555.
 

 Conclusion
 

 After review of the record in light of the applicable law and arguments of the parties, the defendant’s conviction and sentence are affirmed.
 

 AFFIRMED.